**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
MARTIN W. JOHNSON,

                              PETITIONER,

                  -against-              **MEMORANDUM OF
DECISION AND ORDER**
05-CR-749 (ADS)

UNITED STATES OF AMERICA,

                              RESPONDENT.
----------------------------------------------------------X

**APPEARANCES:**

**MARTIN W. JOHNSON**
Pro Se Petitioner
102 Grant Avenue
Jersey City, N.J. 07305

**BENTON J. CAMPBELL, UNITED STATE ATTORNEY EASTERN DISTRICT OF NEW YORK**
Attorney for the Respondent
610 Federal Plaza
Central Islip, N.Y. 11722
      By: Allen L. Bode, Assistant United States Attorney


**SPATT, District Judge**.

      Martin W. Johnson ("Johnson") bring this petition for a writ of error coram nobis challenging an order of restitution imposed by this Court on August 2, 2007. For the reasons that follow, Johnson's petition is denied.

## I. BACKGROUND

On August 2, 2007, Johnson was sentenced to a term of twenty-months imprisonment and ordered to pay restitution after pleading guilty to possession with intent to sell stolen cars and car parts with altered Vehicle Identification Numbers ("VINs") in violation of 18 U.S.C. §§ 2321 and 2322. Restitution was ordered in the amount of $44,715 on a schedule that required him to pay 10% of his gross monthly income. On March 27, 2009, Johnson filed the instant petition for a writ of error coram nobis, claiming that his conviction did not support an order of restitution.

## II. DISCUSSION

### A. Legal Standard

"A writ of error coram nobis is "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction." United States v. Mandanici, 205 F.3d 519, 524 (2d Cir. 2000) (quoting Fleming v. United States, 146 F.3d 88, 89-90 (2d Cir. 1998)) (per curiam). To obtain such relief, a petitioner carries the burden to demonstrate that: "'1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.'" Fleming, 146 F.3d at 90 (quoting Foont v. United States, 93 F.3d 76, 79 (2d Cir. 1996)).

"In reviewing a petition for the writ, a court must presume that the proceedings were correct, and the burden of showing otherwise rests on the petitioner." Mandanici, 205 F.3d at 524 (citing Nicks v. United States, 955 F.2d 161, 167 (2d Cir. 1992)). "Coram nobis is 'not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid.'" Id. (quoting Foont, 93 F.3d at 78).

**B. Johnson's Petition for a Writ of Error Coram Nobis**

Johnson does not offer sound reasons for his failure to seek relief earlier. In fact, Johnson offers nothing more than the bare contention that restitution should not have been assessed for his conviction. Even taking into account Johnson's pro se status, his petition is plainly insufficient to warrant a writ of coram nobis.

Johnson pleaded guilty to possession with intent to sell cars and car parts with altered VINs in violation of 18 U.S.C. §§ 2321 and 2322. According to the pre-sentence investigation report ("PSR"), Johnson stole vehicles and altered the VINs in order to conceal his thefts. The PSR also states that two victims—Metropolitan Insurance Company and the Estate of John L. Mastriana—suffered monetary loss as a result of Johnson's criminal activities.

Under the circumstances, the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A, which applies to "offenses against property . . .

including any offenses committed by fraud or deceit," 18 U.S.C. § 3663A(c)(1)(A)(ii), clearly affords restitution to Johnson's victims. See 18 U.S.C. § 3663A(c)(1)(B) (providing that a district court *must* order restitution where "an identifiable victim or victims has suffered a pecuniary loss."). Accordingly, because Johnson has failed to make the threshold showing that there was an error in the Court's order of restitution, his petition for a writ of error coram nobis is denied.

### III. CONCLUSION

Johnson's petition for a writ of error coram nobis is **DENIED**.

**SO ORDERED.**

Dated: Central Islip, New York
December 22, 2009

                                         */s/ Arthur D. Spatt*
                                          ARTHUR D. SPATT
                                       United States District Judge